ATTORNEY FOR THE RESPONDENT
Julia Blackwell Gelinas
Indianapolis, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Fredrick L. Rice, Staff Attorney
Indianapolis, Indiana

In the

# Indiana Supreme Court

No. 02S00-0707-DI-260

IN THE MATTER OF:

ANONYMOUS,

*Respondent.*

Attorney Discipline Action

November 13, 2007

Per Curiam.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline. The Court approves the agreement and finds that Respondent engaged in attorney misconduct by failing to make reasonable efforts to ensure that the conduct of a nonlawyer employee of his law firm was compatible with his professional obligations, which failure resulted in theft from the firm's client trust fund.

The Respondent's 1978 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4. For his misconduct, we find that Respondent should receive a private reprimand.

## **Background**

Beginning no later than 1980, Respondent's wife served as the accountant and bookkeeper for Respondent's two-person firm. During the time relevant to this action, Respondent was the partner with primary responsibility for the firm's finances. During this period, Respondent's wife had control over the firm's trust account and Respondent exercised no active supervision over her. Over a period of five months beginning in May 2005, Respondent's wife wrote unauthorized trust account checks totaling $22,257 to herself or to accounts to which she had access, forging Respondent's signature on the checks. When Respondent and his partner became aware of and confronted Respondent's wife about trust account overdrafts, she admitted to the misappropriations and repaid the funds in full to the trust account by November 2005.

The parties agree that there are no facts in aggravation. They agree to the following facts in mitigation: (1) Respondent has no prior disciplinary history; (2) Respondent fully cooperated with the Commission; and (3) Respondent immediately took steps to ensure the complete repayment of trust account funds.

The parties agree that Respondent violated the following Indiana Professional Conduct Rules:

> 5.1(a): Failure of a partner or lawyer with managerial authority to make reasonable efforts to ensure the firm has in effect measures to assure all lawyers in the firm conform to the Rules of Professional Conduct.

> 5.3(a): Failure to make reasonable efforts to ensure that the lawyer's firm has taken measures to assure that a nonlawyer employee's conduct is compatible with the professional obligations of the lawyer.

> 5.3(b): Failure to make reasonable efforts to ensure that the conduct of a nonlawyer employee over whom the lawyer has direct supervisory authority is compatible with the professional obligations of the lawyer.

The parties suggest the appropriate sanction for Respondent's misconduct is a private reprimand.

## Discussion

> A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own

2

property. . . . Complete records of such account funds and other property shall be kept by the lawyer . . . .

Prof. Conduct R. 1.15(a). A lawyer should hold property of others with the care required of a professional fiduciary, and the lawyer should maintain on a current basis books and records in accordance with generally accepted accounting practice and comply with any recordkeeping rules established by law or court order. *See* Prof. Conduct R. 1.15(a), cmt. [1]. Lawyers in a supervisory position must make reasonable efforts to ensure nonlawyer employees' conduct is compatible with the professional obligations of the lawyer, *see* Prof. Conduct R. 5.3, including the obligation to preserve and safeguard funds in client trust accounts. Failure to have proper internal controls, even for a long-time, trusted, non-attorney employee who is a close relative of the attorney, is a breach of the attorney's fiduciary obligation to clients in managing a trust account.[1]

Although Respondent was negligent in supervising the firm's trust account, he took immediate and effective action to protect clients and rectify the situation once his wife's misappropriations came to his attention, and he cooperated fully with the Commission. Under these circumstances, the Court concludes that a private reprimand is an appropriate sanction.

### Conclusion

The Court, having considered the submission of the parties, now APPROVES and OR-DERS the agreed discipline. For Respondent's professional misconduct, the Court imposes a private reprimand. The costs of this proceeding are assessed against Respondent.

The Court directs the Clerk to forward a copy of this Opinion to the hearing officer, to Respondent or Respondent's attorney, and to the Indiana Supreme Court Disciplinary Commission.

All Justices concur.

---

[1] The parties in this case agree that one way of satisfying this obligation is to ensure either that an attorney routinely opens and reviews bank statements or that there be a system in place, supervised by an attorney, to ensure that no single non-attorney employee has access to the trust account checks and ledger while also being the first to open and review the bank statements.